DISCIPLINARY COUNSEL *v.* SQUIRE.

[Cite as *Disciplinary Counsel v. Squire,* ___ Ohio St.3d ___, 2015-Ohio-5058.]

(No. 2010-2021—Submitted December 2, 2015—Decided December 8, 2015.)

ON PETITION FOR REINSTATEMENT.

———————————

{¶ 1} This cause came on for further consideration upon the filing on July 9, 2014, of a petition for reinstatement by respondent, Percy Squire, Attorney Registration No. 0022010. In accordance with former Gov.Bar R. V(10)(F), respondent's petition for reinstatement was referred to the Board of Commissioners on Grievances and Discipline.[1] The board filed its final report in this court on October 6, 2015, recommending that respondent's petition for reinstatement to the practice of law in Ohio be denied. Respondent filed objections to the final report, relator filed an answer, and this cause was considered by the court.

{¶ 2} Upon consideration thereof, it is ordered by this court that the petition for reinstatement of respondent is granted and that respondent, Percy Squire, last known address in Columbus, Ohio, is reinstated to the practice of law in Ohio on the condition that within 30 days from the date of this order he pay $2,798.45 to the Office of the Attorney General for the outstanding costs and interest owed in the disciplinary proceedings. He shall also file a notice of payment with the court within 30 days from the date of this order.

{¶ 3} It is further ordered by the court that respondent be taxed the costs of these reinstatement proceedings in the amount of $8,111.26, less the deposit of $500.00, for a total balance due of $7,611.26 payable by cashier's

---

[1] Effective January 1, 2015, the Board of Commissioners of Grievances and Discipline has been renamed the Board of Professional Conduct. *See* Gov.Bar R. V(1)(A), 140 Ohio St.3d CII.

check or money order by respondent on or before 90 days from the date of this order. If costs are not paid on or before 90 days from the date of this order, interest at the rate of 10 percent per annum will accrue until costs are paid in full. It is further ordered that if costs are not paid in full on or before 90 days from the date of this order, the matter may be referred to the Attorney General for collection and respondent may be found in contempt and suspended until all costs and accrued interest are paid in full. It is further ordered that respondent is liable for all collections costs pursuant to R.C. 131.02 if the debt is certified to the Attorney General for collection.

{¶ 4} It is further ordered by the court that within 90 days of the date of this order, respondent shall reimburse any amounts that have been awarded against respondent by the Lawyers' Fund for Client Protection pursuant to Gov.Bar R. VIII(7)(F). It is further ordered by the court that if after the date of this order the Lawyers' Fund for Client Protection awards any amount against respondent pursuant to Gov.Bar R. VIII(7)(F), respondent shall reimburse that amount to the Lawyers' Fund for Client Protection within 90 days of the notice of such award.

{¶ 5} It is further ordered that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings. All case documents are subject to Sup.R. 44 through 47 which govern access to court records. It is further ordered that the clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(17)(D)(1) and that publication be made as provided for in Gov.Bar R. V(17)(D)(2).

O'DONNELL, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

O'CONNOR, C.J., and PFEIFER and LANZINGER, JJ., dissent.

_____